14 CV 369

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
ULISES TEJADA,

                                  Plaintiff,                              **COMPLAINT**

            -against-

                                                                  JURY TRIAL DEMAN[DED]

THE CITY OF NEW YORK and Police Officers "JOHN DOE" 1-3,
Individually and in their Official Capacities, the names "JOHN DOE"
being fictitious as the true names are not presently known,

                                 Defendants.
-------------------------------------------------------------------

       Plaintiff, ULISES TEJADA, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**, as and for his Complaint, respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

4.     Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

### JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, ULISES TEJADA, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants, POLICE OFFICERS "JOHN DOE" 1 through 3, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about July 16, 2013, at approximately 9:00 p.m., plaintiff ULISES TEJADA, was lawfully present in the vicinity of 598 177th Street, New York, New York.

14. At that time and place, the individually named officers approached plaintiff and immediately handcuffed his arms tightly behind his back.

15. At no time on July 16, 2013 did plaintiff commit any crime or violation of law.

16. At no time on July 16, 2013 did defendants possess probable cause to arrest plaintiff.

17. At no time on July 16, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

18. Defendants thereafter transported plaintiff to a nearby police precinct.

19. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

20. Despite defendants' actions the New York County District Attorney's Office declined to prosecute charges against the plaintiff.

21. As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately twenty hours in custody.

22. As a result of the foregoing, plaintiff ULISES TEJADA sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

23. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiff, ULISES TEJADA, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983
### FALSE ARREST

28. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

29. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

30. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983
### MUNICIPAL LIABILITY

31. Plaintiff, ULISES TEJADA, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

32. Defendants arrested and incarcerated plaintiff, ULISES TEJADA, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

iv. failing to properly train police officers in the requirements of the United States Constitution.

36. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

ii. arresting individuals regardless of probable cause in order to affect precinct-wide statistics;

iii. falsifying evidence and testimony to support those arrests;

iv. falsifying evidence and testimony to cover up police misconduct.

37. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, ULISES TEJADA.

38. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

39. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

40. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

41. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

42. Defendants, collectively and individually, while acting under color of state law,

acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

43. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

44. Plaintiff, ULISES TEJADA, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45. On or about August 14, 2013, and within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

46. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

47. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on January 8, 2014.

48. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

49. Plaintiff has complied with all conditions precedent to maintaining the instant action.

50. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

51. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

52. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

53. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT AND BATTERY

54. Plaintiff hereby restates, reiterates and realleges each and every allegation contained above with the same power and force as if fully stated at length below.

55. At the aforesaid place and time, defendant police officers did cause plaintiff, to be unlawfully assaulted and battered, without cause or provocation.

56. The aforesaid assault and battery were caused by defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

57. As a result of the aforesaid assault and battery, plaintiff was severely and seriously injured, both physically and mentally and is entitled to damages in excess of the monetary jurisdictional limits of all lower courts.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff, ULISES TEJADA, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

59. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

60. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

61. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

62. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

63. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and

loss of freedom.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

64. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

65. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

66. Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

67. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
January 17, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

DOCKET NO.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ULISES TEJADA,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICERS "JOHN DOES" 1-3, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, THE NAMES "JOHN DOE" BEING FICTITIOUS AS THE TRUE NAMES ARE NOT PRESENTLY KNOWN,

                              Defendants.

---

## REQUEST FOR JUDICIAL INTERVENTION AND PRELIMINARY CONFERENCE

---

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Attorneys for Plaintiff*
**80 Maiden Lane, 12th Floor**
**New York, New York 10038**
**(212) 962-1020**

---

TO:   CITY OF NEW YORK
       c/o The New York City Law Department
       100 Church Street
       New York, New York 10007

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                _____
                                                Matthew Shroyer